# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Fong Xiong and Maria Xiong, <br><br> Plaintiffs, <br><br> v. <br><br> Federal Home Loan Mortgage Corporation, CitiMortgage, Inc., as successor by merger to ABN AMRO Mortgage Group, Inc., and also all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein, <br><br> Defendants. | Civil No. 13-914 (SRN/AJB) <br><br><br> **REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on a Motion to Dismiss by Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and CitiMortgage, Inc. ("CitiMortgage"), as successor by merger to ABN AMRO Mortgage Group, Inc. (together, "Defendants"). (Docket No. 11.) The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.1(b). The Court took the matter under advisement on the papers submitted on August 7, 2013.

In this action, Plaintiffs Fong and Maria Xiong seek to invalidate the foreclosure of the mortgage on their home. Plaintiffs assert three claims: (1) a quiet-title claim, to determine adverse claims under Minn. Stat. § 559.01; (2) a claim for declaratory judgment; and (3) a slander of title claim. For the reasons discussed below, the Court recommends that Defendants' Motion to Dismiss be granted and Plaintiffs' claims be dismissed.

## FACTUAL BACKGROUND

Plaintiffs reside in and are in possession of real property located in Brooklyn Center, Minnesota. (Compl. ¶ 1.) Plaintiffs acquired their interest in the property via warranty deed in 2001. (Compl. ¶ 2.) On September 15, 2006, Plaintiffs executed and delivered a $162,000 promissory note to ABN AMRO Mortgage Group, Inc., an entity that later merged with Defendant CitiMortgage. (Compl. ¶¶ 5, 7; Docket No. 13, Declaration of Kelly Hoversten, Ex. 1.) The promissory note was secured by a mortgage Plaintiffs executed in favor of ABN AMRO Mortgage Group, Inc. (Compl. ¶ 5, Ex. 1.) The Complaint contains no express allegation that Plaintiffs have defaulted on the promissory note, but the allegations in the Complaint and documents attached thereto regarding foreclosure proceedings indicate that Plaintiffs defaulted on the note by 2009 and again by 2012. (*See* Compl. ¶¶ 18, 20, Exs. 7-9.)

In January 2009, CitiMortgage, through the law firm Wilford & Geske, PA, instituted foreclosure proceedings by recording a Notice of Pendency and Power of Attorney to Foreclose Mortgage ("January 2009 POA"). (Compl. ¶¶ 13, Ex. 4.) James A. Geske, attorney for Wilford & Geske, executed the January 2009 POA as Attorney in Fact for CitiMortgage as successor by merger to ABN AMRO Mortgage Group, Inc. (*Id.*) Plaintiffs allege that Geske did not have legal authority to execute the January 2009 POA because there was not a recorded power of attorney empowering Wilford & Geske as CitiMortgage's attorney-in-fact and because "CitiMortgage did not have any interest in the property as there is an unrecorded assignment of mortgage to Freddie Mac." (Compl. ¶ 14.) Wilford & Geske, PA completed foreclosure by advertisement proceedings and a sheriff's sale was held on the property in July 2009, at which CitiMortgage successfully bid $149,000. (Compl. ¶ 15, Ex. 5.) Prior to the expiration of the statutory redemption period, CitiMortgage and Plaintiffs reached an agreement pursuant to which

the July 2009 sheriff's sale was declared null and void by court order and the mortgage was reinstated. (Compl. ¶ 17, Ex. 6.)

A second foreclosure on the property was conducted in 2012. (Compl. ¶ 18.) On June 29, 2012, CitiMortgage, through the law firm Shapiro & Zielke, drafted a Notice of Pendency and Power of Attorney ("June 2012 POA"). (Compl. ¶ 18, Ex. 7.) Julie Leise, Document Control Officer for CitiMortgage, executed the June 2012 POA. (*Id.*) Plaintiffs allege that Leise did not have legal authority to execute the June 2012 POA because "CitiMortgage did not have any interest in the property as there is an unrecorded assignment of mortgage to Freddie Mac." (Compl. ¶ 19.) Shapiro & Zielke completed foreclosure by advertisement proceedings and a sheriff's sale was held on September 7, 2012, at which CitiMortgage purchased the property for $223,484.09. (Compl. ¶ 20, Ex. 8.) The Sheriff's Certificate of Sale was recorded in Hennepin County on September 12, 2012. (Compl. Ex. 8.) Plaintiffs' six-month statutory redemption period expired on March 7, 2013. (*Id.*) Plaintiffs did not redeem the property.

On October 23, 2012, CitiMortgage conveyed the Certificate of Sale to Freddie Mac. (Compl. ¶ 21, Ex. 9.) The Assignment of Sheriff's Certificate of Sale was recorded in Hennepin County On November 1, 2012. (*Id.*)

Plaintiffs allege that at some point "prior to the commencement of the foreclosure by advertisement" proceedings, ABN AMRO Mortgage Group, Inc. assigned its interest in the mortgage to Defendant Freddie Mac. (Compl. ¶ 11.) No assignment to Freddie Mac appears in the public record. (*Id.*) Because the alleged assignment to Freddie Mac was not recorded, Plaintiffs contend that the foreclosure on the property was invalid under Minnesota law and the Sheriff's Certificate of Sale and Assignment of Sheriff's Certificate of Sale are void. (Compl. ¶¶ 20, 22, 25-27.)

# STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). It must not, however, give effect to conclusory allegations of law. *Stalley ex rel. United States v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). The plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). But the court may consider exhibits attached to the complaint and documents that are necessarily embraced by the complaint without converting the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

# ANALYSIS

## A. Quiet Title Claim

Minnesota's quiet title statute provides that "[a]ny person in possession of real property. . .may bring an action against another who claims an estate or interest therein, or a lien

4

thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01.

In Count I, Plaintiffs bring a quiet title claim against Defendants, arguing that it is Defendants' burden to "prove its title to the Mortgage." (Compl. ¶ 33.) However, "[i]n order to survive Defendants' motion to dismiss, [Plaintiffs] must plead facts that support [their] quiet title claim sufficient to satisfy federal pleading standards." *Ko v. Mortgage Elec. Registration Sys.*, Civ. No. 13-596, 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013) (citing *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013)). This requires that a complaint "plead adequate facts to establish a plausible 'claim that the Defendants' adverse claims are invalid.'" *Gharwal v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 13-685, 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (quoting *Karnatcheva*, 704 F.3d at 548).

Plaintiffs challenge the validity of the foreclosure by asserting that Freddie Mac acquired an unrecorded assignment before the foreclosure proceeding commenced, rendering the foreclosure invalid under Minnesota law. *See Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 58 (Minn. 2013) (holding that Minnesota's foreclosure-by-advertisement statute requires strict compliance with the requirement that assignments of the mortgage be recorded before the foreclosure process begins). Plaintiffs allege that CitiMortgage had no interest in the property to foreclose because CitiMortgage purportedly assigned the mortgage to Freddie Mac prior to initiating foreclosure. Plaintiffs' allegations are based "upon information and belief" and are merely conclusory assertions without any factual allegations to support them. Such conclusory allegations are insufficient to satisfy the *Twombly/Iqbal* standard or Rule 8. *E.g.*, *Karnatcheva*, 704 F.3d at 548; *Lara v. Fed. Nat'l Mortgage Ass'n*, Civ. No. 13-676, 2013 WL 3088728, at *3

(D. Minn. June 18, 2013); *Pope v. Fed. Home Loan Mortgage Corp.*, Civ. No. 12-3094, 2013 WL 2251001, at *3 (D. Minn. May 22, 2013).

Plaintiffs' reliance on Freddie Mac's Custodial Agreement to support their assertion of an unrecorded assignment fails. Plaintiffs argue that the Custodial Agreement shows that CitiMortgage's predecessor in interest must have assigned the mortgage to Freddie Mac at some undetermined time prior to foreclosure because of language in the Agreement regarding delivery to Freddie Mac of an assignment "in recordable form but not recorded" under certain circumstances. (Compl. ¶¶ 9-11.) But the Custodial Agreement that Plaintiffs reference, as attached to their Complaint (*see* Compl. Ex. 3), appears to be a blank, unexecuted form contract that "has nothing to do with [Plaintiffs'] loan or mortgage[:] [i]t is not an actual contract; it is an undated and unexecuted form, and none of its blanks are filled in." *Gharwal*, 2013 WL 4838904, at *5. Plaintiffs do not explain how the Custodial Agreement has anything to do with their case. In addition, the Custodial Agreement fails to support Plaintiffs' claim because it is not for the benefit of any borrower and imposes no obligations as to the borrower. *See Segura v. Fed. Nat'l Mortgage Ass'n*, No. 13-531, 2013 WL 3034096, at *3 (D. Minn. June 17, 2013). The Custodial Agreement does not provide a plausible basis for Plaintiffs' allegation that their mortgage was assigned to Freddie Mac and that this assignment was not recorded prior to the foreclosure. *See Gharwal*, 2013 WL 4838904 at *4-5; *Richter v. Fed. Nat'l Mortgage Ass'n*, Civ. No. 13-475, 2013 WL 3223377, at *3 (D. Minn. June 25, 2013) ("Simply quoting a Fannie Mae policy document does not plausibly establish how Fannie Mae obtained an unrecorded interest in the Property in this case.").

Plaintiffs' Complaint also references an April 2011 Consent Order between the Office of the Comptroller of the Currency and Citibank, N.A. (which is not a party to this lawsuit) to

support Plaintiffs' allegations that their foreclosure was invalid (Compl. ¶¶ 23-24), by which Plaintiffs appear to argue that it must be inferred that all foreclosure proceedings "are somehow faulty." *See Jerde v. JPMorgan Case Bank, N.A.*, Civ. No. 11-2666, 2012 WL 206271, at *3 (D. Minn. January 24, 2012), *aff'd*, 502 Fed. Appx. 616 (8th Cir. 2013). But such an "inference is not appropriate" and fails to support Plaintiffs' quiet title claim. *Id.*

Plaintiffs also challenge the validity of the foreclosure by asserting that individuals who signed notices of pendency and powers of attorney lacked legal authority to do so. Plaintiffs' allegations of lack of legal authority as to the first foreclosure do not support their quiet title claim, as the first foreclosure was already declared null and void by court order and the mortgage was reinstated following the first foreclosure. (Compl. ¶ 17, Ex. 6.) Plaintiffs allege that individuals who executed notices of pendency and powers of attorney relating to the second foreclosure lacked legal authority because "CitiMortgage did not have any interest in the property as there is an unrecorded assignment of mortgage to Freddie Mac." This is merely a rehashing of Plaintiffs' argument regarding an unrecorded assignment and accordingly fails to support their quiet title claim for the same reasons discussed above. Vague assertions that individuals lacked authority to execute mortgage documents have been rejected repeatedly in similar circumstances. *See e.g.*, *Karnatcheva*, 704 F.3d at 548.

In addition, Plaintiffs' quiet title claim fails because Plaintiffs have unclean hands. In Minnesota, "[a]ctions to quiet title and to determine adverse claims are equitable actions." *Haubrich v. U.S. Bank, N.A.*, Civ. No. 12-565, 2012 WL 3612023, at *3 (D. Minn. Aug. 21. 2012) (citations omitted), *aff'd*, 720 F.3d 979 (8th Cir. 2013). A "plaintiff who seeks equity must come into court with clean hands." *Id.* (citations omitted). Plaintiffs indisputably defaulted on their mortgage loan by failing to make promised payments over three years ago. "They seek

to declare their mortgage invalid after defaulting; as such, they come to the present case with unclean hands." *Stilp*, Civ. No. 12-3098, 2013 WL 1175025, at *4 (D. Minn. March 20, 2013), *aff'd*, 2013 WL 5340399 (8th Cir. Sept. 25, 2013) (citing *Novak v. JPMorgan Chase Bank, N.A.*, Civ. No. 12-589, 2012 U.S. Dist. LEXIS 119382, at *9-12 (D. Minn. Aug. 23, 2012), *aff'd*, 518 Fed. Appx. 498 (8th Cir. 2013). Plaintiffs cannot state an equitable quiet-title claim and dismissal also is warranted on this basis. *See, e.g.*, *id.*

For these reasons, the Court recommends that Count I be dismissed. Plaintiffs' Complaint "tenders 'naked asssertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550, U.S. at 557). Plaintiffs' "pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation" that there was an unrecorded assignment or individuals lacked legal authority. *Karnatcheva*, 704 F.3d at 548. Plaintiffs' assertions fail to provide any facts to render their claim plausible and as such the claim is properly dismissed.

**B.    Declaratory Judgment Claim**

In Count II, Plaintiffs seek a declaration that the foreclosure on the property and sheriff's certificate of sale are void and that they remain the owners of the property. (Compl. ¶¶ 37-38.) The basis of the declaratory judgment claim is unclear, but it appears to be based entirely on the same unsubstantiated allegations regarding an unrecorded assignment on which Plaintiffs' quiet title claim is based. For the same reasons, then, the declaratory judgment claim must fail. "A claim for declaratory judgment must be supported by a substantive legal right." *Lara*, 2013 WL 3088728, at *3 (citations omitted). "Having failed to state a substantive claim, the [Complaint] also fails to state a claim for a declaratory judgment." *Id.*

8

### C. Slander of Title Claim

Plaintiffs assert a slander of title claim against Defendants in Count III. A slander of title claim requires that (1) defendants made a false statement; (2) defendants then published that false statement to others; (3) defendants maliciously published the statement; and (4) the publication caused plaintiffs a pecuniary loss in the form of special damages. *Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000). Plaintiffs allege that documents recorded in support of the foreclosure were false because "unauthorized persons without authority" executed them and that Defendants "knew or should have known that the documents were false." (Compl. ¶¶ 39-42.) "As discussed above, however, they have pleaded no plausible facts to support their allegations regarding signing authority." *Lara*, 2013 WL 3088728, at *3. In addition, the allegations in Count III are directed to the actions of non-party law firms Wilford and Shapiro, not to Defendants. *See Witthuhn v. Nationstar Mortgage, LLC*, Civ. No. 13-680, 2013 WL 3166592, at *1 (D. Minn. June 20, 2013).

Plaintiffs have not adequately pleaded the elements of a slander of title claim, much less met the heightened pleading standard required under Fed. R. Civ. P. 9(b) for such claims. *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1032 (8th Cir. 2012) (Rule 9(b) applies to slander of title claims). Plaintiffs were required to make specific factual allegations regarding the circumstances of any alleged false statement. *See id.* Plaintiffs have failed to identify any specific allegedly false statement. Plaintiffs also fail to even allege malice. Nor have Plaintiffs failed to plead any facts explaining how they were caused special damages. Plaintiffs' slander of title claim should be dismissed. *See Pope*, 2012 WL 2251001, at *4; *Haubrich*, 2012 WL 3612023, at *6.

## RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 11) be **GRANTED**.

Dated:   October 25, 2013              s/ Arthur J. Boylan
                                       Chief Magistrate Judge Arthur J. Boylan
                                       United States District Court


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court on or before  November 8  , 2013.