**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Fong Xiong and Maria Xiong,<br><br>Plaintiffs,<br><br>v.<br><br>Federal Home Loan Mortgage Corporation, CitiMortgage, Inc., as successor by merger to ABN AMRO Mortgage Group, Inc., and also all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein,<br><br>Defendants. | Case No. 13-cv-0914 (SRN/AJB)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

William B. Butler, Butler Liberty Law, LLC, 33 South Sixth Street, Suite 4100, Minneapolis, Minnesota 55402, for Plaintiffs.

John L. Krenn and Kelly W. Hoversten, Gray, Plant, Mooty, Mooty & Bennett, P.A., 500 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402; and Lucia Nale, Thomas V. Panoff, and Maritoni D. Kane, Mayer Brown LLP, 71 South Wacker Drive, Chicago, Illinois 60606; for Defendants Federal Home Loan Mortgage Corporation and CitiMortgage, Inc.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the Court on Plaintiffs' Objection [Doc. No. 27] to United States Chief Magistrate Judge Arthur J. Boylan's October 25, 2013, Report and Recommendation ("R & R") [Doc. No. 26]. The Chief Magistrate Judge recommended that Defendants' Motion to Dismiss [Doc. No. 11] be granted. (Report and Recommendation on

Defendants' Motion to Dismiss, dated October 25, 2013 ("R & R"), at 10 [Doc. No. 26].) For the reasons set forth below, Plaintiffs' objections are overruled and the Court adopts the R & R in its entirety.

## II.     BACKGROUND

The factual and procedural background of Plaintiffs' case is well documented in the Chief Magistrate Judge's R & R and is incorporated herein by reference.[1]  In this lawsuit, Plaintiffs are challenging the foreclosure of the mortgage on their home.  Plaintiffs currently reside in and are in possession of real property located in Brooklyn Center, Minnesota ("Property").  (Compl. ¶ 1 [Doc. No. 1-1].)  Plaintiffs executed a note and a mortgage on that property ("Mortgage") in favor of ABN AMRO Mortgage Group, Inc. ("ABN AMRO"), in September 2006.  (See id. ¶ 5 & Ex. 1; Hoversten Decl. dated May 29, 2013, ¶ 2 & Ex. 1 [Doc. No. 13].)  Plaintiffs allege that, "[u]pon information and belief, ABN AMRO . . . originated the loan for delivery to [Defendant] Federal Home Loan Mortgage Corporation ('Freddie Mac')," (Compl. ¶ 8 [Doc. No. 1-1]), and that Defendant Freddie Mac's Custodial Agreement requires the seller to deliver an executed assignment of the security instrument in recordable form but not recorded, (id. ¶ 10).  In 2007, ABN AMRO merged with Defendant CitiMortgage, Inc.  (Id. ¶ 7 & Ex. 2.)

Plaintiffs do not allege in their Complaint that they defaulted on the note, but the Complaint does allege that Defendant CitiMortgage, through its attorneys, instituted foreclosure proceedings against Plaintiffs on two separate occasions.  The first foreclosure

---

[1]     The Court recites background facts only to the extent necessary to rule on Plaintiffs' objections.

2

was declared null and void by the Hennepin County District Court based on an agreement entered into by the parties during the statutory redemption period, and the Mortgage was reinstated.[2] (Id. ¶ 17 & Ex. 6.) As for the second foreclosure, Plaintiffs allege that Defendant CitiMortgage, through the law firm of Shapiro & Zielke, LLP, recorded in Hennepin County in July 2012 a Notice of Pendency and Power of Attorney to Foreclose ("POA"). (Id. ¶ 18.) Julie Leise, as Document Control Officer of CitiMortgage, Inc., had executed the POA on behalf of Defendant CitiMortgage in June 2012. (Id. ¶ 18 & Ex. 7.) A sheriff's sale was held on September 7, 2012, and Shapiro & Zielke appeared on behalf of Defendant CitiMortgage and bid on the Property. (Id. ¶ 20.) Defendant CitiMortgage purchased the Property for $223,484.09, and the Sheriff's Certificate of Sale was recorded in Hennepin County on September 12, 2012. (Id. ¶ 20 & Ex. 8.) On October 23, 2012,[3] Rhonda Berblinger, on behalf of Defendant CitiMortgage, executed an Assignment of Sheriff's Certificate of Sale conveying the Property to Defendant Freddie Mac. (Id. ¶ 21 & Ex. 9.) The assignment was recorded in Hennepin County on November 1, 2012. (Id.)

Plaintiffs allege that, pursuant to Defendant Freddie Mac's Custodial Agreement, Defendant CitiMortgage's predecessor-in-interest assigned the Mortgage to Freddie Mac prior to commencement of the foreclosure proceedings but did not record the assignment.

---

[2] Plaintiffs do not challenge the Chief Magistrate Judge's determination that their allegations regarding the first foreclosure are irrelevant because that foreclosure has already been declared null and void. (See R & R at 7 [Doc. No. 26].) Therefore, this Court will not discuss the factual allegations surrounding that foreclosure.

[3] The Complaint states that the date of this assignment was November 23, 2011. (Compl. ¶ 21 [Doc. No. 1-1].) However, it is clear from the exhibit attached to the Complaint that the correct date is October 23, 2012. (Id., Ex. 9.)

(See id. ¶ 11.) As alleged by Plaintiffs, no assignment of the Mortgage to Defendant Freddie Mac appears in the public record. (Id.) Therefore, Plaintiffs allege "[u]pon information and belief," Ms. Leise did not have legal authority to execute the POA because Defendant CitiMortgage's interest in the Property had already been assigned. (Id. ¶ 19.) For the same reasons, Plaintiffs allege that Shapiro & Zielke did not have legal authority to bid on the Property at the sheriff's sale. (See id. at 20.) Finally, Plaintiffs allege that Shapiro & Zielke had constructive notice that Defendant CitiMortgage's parent company "had engaged in 'unsafe and unsound' banking practice in conducting foreclosures" by virtue of an Order and Consent Decree entered into by the parent company, and that the Order and Consent Decree required the parent company to comply with Freddie Mac's agreements. (Id. ¶¶ 23–24.)

Plaintiffs' Complaint raises three causes of action. In Count I, Plaintiffs seek a determination of adverse claims under Minnesota's quiet title statute, Minn. Stat. § 559.01. (Id. ¶¶ 29–35.) Plaintiffs allege that Defendants' claim to an interest in Plaintiffs' Property is void because there was an unrecorded assignment of the Mortgage prior to the foreclosure, Defendant CitiMortgage did not have the power of sale on the date of the sheriff's sale, the individuals who executed the foreclosure documents did so without legal authority, and Defendants did not record the POA authorizing the foreclosure. (Id. at 34.) Count II seeks a declaratory judgment that the POA and sheriff's certificate are void and that Plaintiffs remain the owners of the Property. (Id. ¶¶ 36–38.) Count III alleges slander

of title against Defendants based on the recording of allegedly false documents. (Id. ¶¶ 39–44.)

Defendants filed a motion to dismiss Plaintiffs' Complaint [Doc. No. 11], along with a supporting memorandum [Doc. No. 12] and declaration [Doc. No. 13]. Plaintiffs filed an opposition memorandum [Doc. No. 20], and Defendants filed a reply brief [Doc. No. 22]. The motion was referred to the Chief Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1, and the matter was heard on the papers [Doc. No. 24].

The Chief Magistrate Judge issued his R & R on October 25, 2013. He determined that all three of Plaintiffs' claims fail. (See R & R at 1 [Doc. No. 26].) First, the Chief Magistrate Judge found that Plaintiffs' quiet title claim fails because: (1) Plaintiffs' allegations that Defendant Freddie Mac acquired an unrecorded assignment prior to commencement of the foreclosure proceedings, rendering the foreclosure void, are based "upon information and belief" and fail to satisfy federal pleading requirements; (2) the Custodial Agreement is insufficient to support Plaintiffs' claim because it is an unexecuted form contract that is not for the benefit of any borrower; (3) it is inappropriate to draw an inference from the Consent Decree and Order that all foreclosure proceedings are faulty; (4) Plaintiffs' allegations that the individuals who signed the notices of pendency and powers of attorney lacked legal authority to do so merely re-state the invalid argument that Defendant CitiMortgage had no interest in the Property due to the alleged unrecorded assignment; and (5) Plaintiffs cannot state an equitable quiet title claim when they have come to court with unclean hands. (See id. at 5–8.) Second, the Chief Magistrate Judge

determined that Plaintiffs' declaratory judgment claim fails because it is based upon the same insufficient allegations as the quiet title claim.  (See id. at 8.)  Third, he found that Plaintiffs' slander of title claim fails because:  (1) Plaintiffs pled no plausible facts to support their allegations that the notices of pendency and powers of attorney were signed without authority; (2) the allegations are directed at a non-party law firm; and (3) Plaintiffs did not meet the heightened pleading standard for a slander of title claim.  (See id. at 9.)

### III.   DISCUSSION

#### A.   Standard of Review

The district court reviews de novo those portions of the R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).  In this case, Defendants moved to dismiss Plaintiffs' Complaint pursuant to Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure.  When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiffs.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).  However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiffs draw from the facts pled.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  In addition, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss.  See Fed. R. Civ. P. 12(d).  The Court may, however, consider

exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records. Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

**B.     Objections**

Plaintiffs' objections to the R & R were filed on November 8, 2013 [Doc. No. 27]. Defendants responded on November 22, 2013 [Doc. No. 28]. Plaintiffs make the following arguments: (1) the allegations regarding the alleged unrecorded assignment are not based on mere speculation and are sufficient to support Plaintiffs' claim that the foreclosure was void; and (2) Plaintiffs' claim under Minn. Stat. § 559.01 is not barred by the doctrine of unclean hands. (See Objection to R & R ("Obj.") at 2, 5–9 [Doc. No. 27].) These objections relate to Plaintiffs' quiet title claim under Minn. Stat. § 559.01. Therefore, this Court will not review those portions of the R & R related to Plaintiffs'

declaratory judgment and slander of title claims, and the Court adopts the Chief Magistrate Judge's ruling dismissing Counts II and III with prejudice.[4]

Likewise, this Court concludes that the Chief Magistrate Judge correctly determined that Plaintiffs' Count I fails to state a claim upon which relief can be granted. In their objections, Plaintiffs first argue that all assignments of a mortgage must be recorded prior to the foreclosure sale in foreclosure by advertisement proceedings, that the foreclosure in this case was void because there was an unrecorded assignment of the Mortgage to Defendant Freddie Mac prior to the foreclosure, and that their allegations of an unrecorded mortgage are not based on mere speculation because they do not speculate as to whether Defendant Freddie Mac purchased and owns the Mortgage. (See Obj. at 7–8 [Doc. No. 27].) These objections lack merit.

In Minnesota, "[a]ny person in possession of real property personally . . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01. However, the fact of possession and conclusory assertions that the defendant's adverse claims are invalid are insufficient to

---

[4] To the extent that Plaintiffs are relying on the objections they put forth in regard to their quiet title claim to also contest the portion of the R & R dealing with the declaratory judgment claim, that claim still fails. As discussed herein, Plaintiffs' objections regarding their quiet title claim are overruled. Because Plaintiffs' substantive claim fails, so, too, does Plaintiffs' declaratory judgment claim because a claim for declaratory judgment must be supported by a substantive legal right. See Weavewood, Inc. v. S & P Home Invs., LLC, 821 N.W.2d 576, 579 (Minn. 2012) ("A declaratory judgment is a 'procedural device' through which a party's existing legal rights may be vindicated as long as a justiciable controversy exists.").

state a claim for relief. See Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013) (affirming the district court's dismissal of the plaintiffs' quiet title claim "because the plaintiffs' pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation"). Here, Plaintiffs contend that the Property was deeded to Defendant Freddie Mac after the sheriff's sale because Defendant Freddie Mac already owned the Mortgage and note. (Obj. at 7 [Doc. No. 27].) Thus, they claim, Defendant Freddie Mac owned the Mortgage prior to foreclosure, rendering the foreclosure void. (See id. at 7–9.) Plaintiffs again discuss the language in the Custodial Agreement that provides for delivery of an executed assignment of the security instrument in recordable form but unrecorded. (See id. at 3.) However, as correctly noted by the Chief Magistrate Judge, the document upon which Plaintiffs rely is an unexecuted form contract that is not for the benefit of any borrower. Plaintiffs also cite to an exhibit to the "Block Affidavit." (Id. at 8 n.1.) However, this affidavit is not part of the record. Thus, Plaintiffs are merely inferring that, because the Property was deeded to Defendant Freddie Mac after the sheriff's sale, Defendant Freddie Mac must have owned the Mortgage and note prior to the sale. These allegations are implausible and based on mere speculation. There is no evidence of any assignment, recorded or not, from Defendant CitiMortgage to Defendant Freddie Mac prior to the foreclosure sale. Therefore, the allegations are insufficient to support Plaintiffs' claim that the foreclosure was void.

Plaintiffs next argue that their quiet title action is not barred by the doctrine of unclean hands because such a defense is not available in actions brought under Minn. Stat. § 559.01 and, even if it is available, it cannot be used to eliminate a claim in a Rule 12 motion to dismiss because it involves the weighing of facts. (See id. at 5–7.) While Plaintiffs cite to Ruiz v. 1st Fidelity Loan Servicing, LLC, 829 N.W.2d 53 (Minn. 2013), for the proposition that Minnesota law does not bar claims under Minn. Stat. § 559.01 on the grounds of unclean hands, (see Obj. at 5), reliance on that case is inapposite because the issue of unclean hands was not before the court. Moreover, contrary to Plaintiffs' arguments, Minnesota law does provide that "[a]ctions to quiet title and determine adverse claims are equitable actions." Gabler v. Fedoruk, 756 N.W.2d 725, 730 (Minn. Ct. App. 2008) (citing Miller v. Hennen, 438 N.W.2d 366, 371 (Minn. 1989)). As such, the person seeking equity must come into court with clean hands. Novak v. JP Morgan Chase Bank, N.A., Civ. No. 12-589 (DSD/LIB), 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012) (citing Santee v. Travelers Ins. Co., 275 N.W. 366, 368 (Minn. 1937)) (finding that the plaintiffs had unclean hands because they were in default on their mortgage and, therefore, that they could not state a claim under Minn. Stat. § 559.01).

In addition, while it is true that "[t]he unclean hands doctrine, . . . will be invoked only against a party whose conduct 'has been unconscionable by reason of a bad motive, or where the result induced by his conduct will be unconscionable,'" Creative Commc'ns Consultants, Inc. v. Gaylord, 403 N.W.2d 654, 657–58 (Minn. Ct. App. 1987) (quoting Johnson v. Freberg, 228 N.W. 159, 160 (1929)), the pleadings in this case demonstrate that the result induced by Plaintiffs' conduct will be unconscionable. Indeed, Plaintiffs do not

10

allege in their Complaint that they were not in default on their loan payments or that the decision to foreclose on the Property was improper. Nor do Plaintiffs object to the Chief Magistrate Judge's finding that "Plaintiffs indisputably defaulted on their mortgage loan by failing to make promised payments over three years ago." (R & R at 7 [Doc. No. 26].) In fact, Plaintiffs state, "It is not, as the Magistrate notes that [Plaintiffs] are seeking a declaration that the mortgage is invalid after defaulting . . . . Instead, as is clear from [Plaintiffs'] response to the Motion to Dismiss, they are challenging the validity of the foreclosure through which Freddie claims title." (Obj. at 7 [Doc. No. 27].) Allowing Plaintiffs to retain possession of the Property as against the rightful owner—when they defaulted on the payments—would be an unconscionable result. This is especially so where there is no plausible allegation that the foreclosure was void or that the transfer of title to Defendant Freddie Mac was invalid.[5] Because Plaintiffs have no credible claim that the doctrine of unclean hands does not apply, the Court may properly dismiss their quiet title action at this stage of the litigation.

Plaintiffs have not stated any plausible set of facts that would entitle them to relief on Count I. In addition, Plaintiffs' claim in Count I is barred by the doctrine of unclean hands. For these reasons, Plaintiffs' quiet title claim under Minn. Stat. § 559.01 must be dismissed.

---

[5] Plaintiffs argue that Defendant Freddie Mac cannot utilize the defense of unclean hands "because there is no evidence that [Plaintiffs] did not 'do equity' with respect to Freddie." (Obj. at 7 [Doc. No. 27].) However, as discussed above, allowing Plaintiffs to proceed in this action would lead to unconscionable results as to Defendant Freddie Mac. Moreover, as already discussed, Plaintiffs' quiet title claim fails as to all Defendants on the independent grounds that it is insufficiently pled.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Objection to Report and Recommendation [Doc. No. 27] is **OVERRULED**;

2. The Chief Magistrate Judge's Report and Recommendation [Doc. No. 26] is **ADOPTED**;

3. Defendants' Motion to Dismiss [Doc. No. 11] is **GRANTED**;

4. Plaintiffs' Complaint [Doc. No. 1-1] is **DISMISSED with prejudice**; and

5. The Notice of Lis Pendens recorded in Hennepin County on June 26, 2013, as document number T05090170, is **DISCHARGED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  December 23, 2013            s/Susan Richard Nelson
                                     SUSAN RICHARD NELSON
                                     United States District Judge